UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARRIE E. NEWMAN** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **SECTION** |
| **v.** | **JUDGE:** |
| **DEFENDANT 1** | **MAGISTRATE:** |
| **Defendant.** | |

## COMPLAINT

The Complaint of Carrie E. Newman ("Ms. Newman") respectfully represents:

### JURISDICTION

1.      Plaintiff brings this action pursuant for child sexual abuse. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) (diversity jurisdiction). Complete diversity of citizenship exists between Plaintiff and all Defendants, as Plaintiff is a citizen of Louisiana and Defendant is a citizen of Georgia, and the amount in controversy exceeds $75,000.00. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear claims arising under state law.

### VENUE

2.      Venue is proper for this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Louisiana, and the Defendant regularly transacts business in this District.

### PARTIES

3.      The plaintiff is Carrie E. Newman, who is a person of full age of majority and resident of and domiciled in Ouachita Parish, Louisiana.

1

4.    Made defendant herein is "Defendant 1" a corporation domiciled in Fulton County, Georgia, doing business in Ouachita Parish, State of Louisiana, and subject to the jurisdiction of this Honorable Court. The identity of "Defendant 1" is omitted pursuant to La. R.S. 9:2800.9, pending this Court's Order permitting amendment to name and serve "Defendant 1".

5.    Pursuant to La. R.S. 9:2800.9, this petition is filed with certificates of merit executed by the attorney for the plaintiff and by a licensed mental health practitioner selected by the plaintiff. These certificates of merit are attached hereto as Exhibits 1 and 2, in accordance with La. R.S. 9:2800.9, and state there is a reasonable basis to believe that the plaintiff has been subject to criminal sexual activity or physical abuse during his childhood as defined in La. R.S. 9:2800.9, and that there is reasonable and meritorious cause for the filing of the petition.

## STATEMENT OF FACTS

6.    Ms. Newman brings this action against Defendant 1 for injuries she suffered as a minor as a result of sexual abuse by a Priest known as Father A.H., whose identity is known but is omitted pursuant to La. R.S. 9:2800.9, pending this Court's Order permitting amendment to name and serve "Defendant 1". Father A.H. was a Priest and teacher employed by the Defendant 1 at a school and church attended by Ms. Newman attended as a child in Monroe, Louisiana, which school was staffed and operated by Defendant 1.

7.    At all times material to this Complaint, Defendant 1 had authority over Father A.H., and had the right of control and the power to prevent the sexual and physical abuse of children who visited and/or attended the school attended by Ms. Newman. Further, at all times material to this Complaint, Defendant 1 had authority over Father A.H. as his employer.

2

8.      Ms. Newman was raised in Monroe, Louisiana. She began attending the school staffed and operated by Defendant 1 at a young age, around five years old, in 1966. At school, she became familiar with Father A.H., who was the Priest in charge of both the school and its affiliated Church, which shared property with the school. The school and church are staffed and operated by Defendant 1.

9.      Beginning in the Fall of 1969, when Ms. Newman was in third grade, Father A.H. started taking a special interest in her. On two occasions in 1969, Father A.H. came into Ms. Newman's classroom and took her hand towards his leg near his groin to make her rub his thigh while sitting next to her in class under the pretext of checking her school work. This contact was more subtle in nature.

10.     After those first encounters, Father A.H. started bringing Ms. Newman places to eat, or for ice cream, or other recreation in the school van. The van was a white van with the school name and logo on the side. Father A.H. would always expose his genitals to Ms. Newman and make her touch his genitals. This type of abuse occurred approximately twice a month from her 3rd to 5th grade, approximately 30 times, ending around Spring 1973.

11.     Plaintiff now brings these claims pursuant to La. R.S. 9:800.9 (Act 322 and Act 386), as amended by HB 803 (Act 789) and SB 246 (Act 481), permitting survivors of child sexual abuse to bring claims prior to June 14, 2027.

## CAUSES OF ACTION

12.     Ms. Newman incorporates all preceding paragraphs of this Petition as if fully set forth under this Count, and further alleges:

13.     The aforesaid incidents and resulting injuries and damages specified herein were proximately and legally caused by the fault, and/or negligence of Defendant 1, though their

3

agents, employees, servants, including, but not limited to, the following negligent acts of omission and/or commission, that may be shown during the trial hereof and all in violation of La. C.C. arts. 2315 and 2316:

    a. Failing to protect Plaintiff from harm by hiring and harboring a child abuser, Father A.H.;

    b. Failing to have sufficient policies and procedures to prevent abuse of minors by their agents and/or employees and/or on their premises;

    c. Failing to warn Plaintiff and her family of the risk of sexual abuse by Father A.H.;

    d. Failing to have adequate security measures and policies in effect which would prevent a sexual abuse of a minor by their agents and/or employees and/or on their premises;

    e. Failing to investigate claims of sexual abuse of minors by their agents and/or employees;

    f. Failing to apply the standard of care, and negligently exposing minors to unreasonably dangerous situations, including sexual abuse of a minor at the hands of one of their agents and/or their employees;

    g. Failing to have sufficient information on its agents and/or employees as to whether they were safe to be working in their institutions and around minor children;

    h. Failing to provide adequate and appropriate training to its personnel to recognize the risks of sexual encounters by minors with their agents and/or employees;

    i. Failing to take any and all acts and/or act in way(s) that could have prevented and avoided the sexual abuse in question, which amounts to negligence;

    j. Failing to report Father A.H.'s sexual abuse of minors to the police or law enforcement or any legal authority;

    k. Failing to discharge and relieve Father A.H. of his position and authority when they knew or should have known of his sexual abuse of minors and his proclivity to act in such a deviant manner;

    l. Failing to train and educate its employees to identify signs of child molestation by fellow employees;

    m. Failing to limit, supervise or monitor in any way the activities and programs engaged in by Father A.H.; and

n. Failing to routinely screen its agents and employees to avoid the risk of sexual encounters with minors when they knew or should have known of the risks that their agents and employees would have improper contact with minor children.

14. Defendant 1 had superior knowledge about the risk that Father A.H. posed to Ms. Newman as a minor child, which knowledge establishes a heightened duty of care and protection to plaintiff. Defendant 1 educated and ordained Father A.H., which afforded them extensive access to him personally, and to his mental profile, which should have revealed a tendency to abuse children. Defendant 1 also conducted periodic monitoring and assessments of Father A.H. during the time period between his Ordination and the abuse at issue in this case, which, if done properly, would have revealed Father A.H.'s tendencies towards child abuse and prevented the abuse in this case. That knowledge establishes a heightened duty of care and protection to plaintiff and Defendant 1 violated that duty.

15. Defendant 1 is vicariously liable, under La. C.C. arts. 2315, 2317, and 2320, and/or the doctrine of *Respondeat Superior*, for the acts and omissions of their employees and servants, specifically Father A.H., who was under the Defendants' control, supervision, and direction at all times relevant herein.

16. At the time of the sexual abuse, Father A.H. was a member of the clergy and educational staff of Defendant 1, rendering Defendant 1 responsible for all acts and omissions of the clergy and their associate members, including but not limited to Father A.H. At all times of sexual abuse, Ms. Newman was in the company of Father A.H. in order to be educated, and Father A.H. acted in his official capacity as her teacher and Priest. Ms. Newman's family entrusted their child into the care of Father A.H. because he was a Priest and Teacher, in his professional capacity as an employee and/or agent of Defendant 1. Father A.H. had both

unfettered access to school property, use of their van, and authority to direct the actions of people within the school and Church property conferred upon him by his employer, Defendant 1.

## DAMAGES

17.    As a direct result of the above-described actions and omissions of Defendant 1, Plaintiff, Carrie E. Newman, endured physical injuries to her mind and body. Ms. Newman has also sustained mental injuries as a result of the sexual abuse, concealment, and negligence of the Defendants, severe and permanent emotional distress, anxiety, depression, loss of intimacy, loss of trust, divorce, and loss of faith. The plaintiff's damages will continue to do so for the remainder of her life.

18.    Plaintiff suffered the above-described damages as a direct result of the acts and omissions by Defendant 1, and the negligence and abuse by Father A.H., for which Defendant 1 is vicariously liable.

19.    Plaintiff prays for trial by jury on all issues so triable.

WHEREFORE, Plaintiff, CARRIE E. NEWMAN, prays that this Court (1) review and accept the certificates of merit filed herein, and after an *in camera* determination, based solely on those certificates of merit, (2) enter and Order finding that there is reasonable and meritorious cause for filing of the action, permitting amendment of this suit to name and serve Defendants.

Following the Court's finding that there is reasonable and meritorious cause for filing of the action, Plaintiff further prays that Defendant 1 be properly named and served with copies of this Petition for Damages and be duly cited to appear and answer same, and that, after expiration of all legal delays and due proceedings had, that there be judgment herein rendered in favor of plaintiff, and against Defendant, in an amount that will fully compensate her for her past and future pain and suffering; past and future mental anguish; past and future medical expenses;

disability; loss and impairment of life's pleasures; loss of enjoyment of life; together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings and for all general and equitable relief.

Dated: March __30__, 2026

Respectfully submitted:

**SLATER SLATER SCHULMAN, LLP**

BY: _____

Daniel A. Meyer (La. Bar No. 33278)
Justin Lacour (La. Bar No. 34626)
6023 Magazine Street
New Orleans, Louisiana 70118
Telephone: (504) 334-8522
Facsimile: (212) 922-0907
dmeyer@sssfirm.com
jlacour@sssfirm.com
*Attorneys for Plaintiffs*

7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARRIE E. NEWMAN** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **SECTION** |
| **v.** | **JUDGE:** |
| **DEFENDANT 1** | **MAGISTRATE:** |
| **Defendant.** | |

## ORDER

The Court, pursuant to La. R.S. 9:2800.9(D), has reviewed the certificates of merit filed, and determined, in-camera, based solely on those certificates of merit, that there is reasonable and meritorious cause for filing of the action. Accordingly,

IT IS HEREBY ORDERED, that the petition is approved as filed, and may be amended to name the actual defendant, and to notify the defendant after the filing of the amended pleading by normal service of process.

Mornoe, Louisiana, this _____ day of _____, 2026.

_____
UNITED STATES DISTRICT COURT JUDGE
WESTERN DISTRICT OF LOUISIANA

8

March 28, 2026

To Whom It Concerns:

I, Megan Thiel declare as follows: I am a licensed clinical social worker in Louisiana (License # 9623) and practice in Louisiana. I have interviewed Carrie Newman and am knowledgeable of the relevant facts and issues involved in the action to be filed on her behalf by Louisiana attorney, Daniel Meyer. Based on my professional opinion and my knowledge of the facts of this matter, there is a reasonable basis that she was abused by Rev. Ardwin Hiller, of the Diocese of Alexandria and the Order of Franciscan Ministers (formally, Province of Our Lady of Guadalupe, Inc.), who was a priest at her church and school, Little Flower of Jesus, from 1969 to 1973, when she was 9 to 11 years old, in Monroe, Louisiana.

Respectfully submitted,

Megan Thiel, LCSW-BACS, LLC
504-354-0847
meganthieltherapy@gmail.com



EXHIBIT

1

## CERTIFICATE OF MERIT BY PLAINTIFF'S COUNSEL

March 30, 2026:

I, Daniel A. Meyer, am counsel for the Plaintiff Carrie E. Newman, in the action to be filed in the United States District Court, Western District of Louisiana. I have reviewed the facts of this case and consulted with at least one mental health practitioner licensed to practice in Louisiana, who I believe is knowledgeable of the relevant facts and issues involved in this action. I declare that on the basis of that review and consultation that there is reasonable and meritorious cause for filing this petition. It is my professional opinion that there is a reasonable basis to believe the plaintiff was subjected to criminal sexual abuse and molestation while a minor in Monroe, Louisiana, as defined in La. R.S. 9:2800.9.

BY: _____

Daniel A. Meyer (La. Bar No. 33278)
SLATER SLATER SCHULMAN, LLP
6023 Magazine Street
New Orleans, Louisiana 70118
Telephone: (504) 334-8522
Facsimile: (212) 922-0907
dmeyer@sssfirm.com
*Attorney for Plaintiff*



**EXHIBIT**

2